IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

December 1, 2009

RE: Jose Bonilla v. John Kerestes, etal
CA No. 09-2365

## NOTICE

Enclosed herewith please find a copy of the Report and Recommendation filed by United States Magistrate Judge Caracappa, on this date in the above captioned matter. You are hereby notified that within ten (10) days from the date of service of this Notice of the filing of the Report and Recommendation of the United States Magistrate Judge, any party may file (in duplicate) with the clerk and serve upon all other parties written objections thereto (See Local Civil Rule 72.1 IV (b)). **Failure of a party to file timely objections to the Report & Recommendation shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court Judge.**

In accordance with 28 U.S.C. §636(b)(1)(B), the judge to whom the case is assigned will make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The judge may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge, receive further evidence or recommit the matter to the magistrate judge with instructions.

Where the magistrate judge has been appointed as special master under F.R.Civ.P 53, the procedure under that rule shall be followed.

MICHAEL E. KUNZ
Clerk of Court

By: *[signature]*
LINDA V. JERRY, Deputy Clerk

cc: Bonilla
Dolgenos

Courtroom Deputy to Judge Stengel

civ623.frm
(11/07)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSE BONILLA, : CIVIL ACTION
    Petitioner, :
     :
v. :
     :
JOHN KERESTES, et al., : NO. 09-2365
    Respondents. :

## REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

    Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution- Mahanoy, in Frackville, Pennsylvania. For the reasons which follow, it is recommended that the petition be DENIED and DISMISSED.

I.    PROCEDURAL HISTORY

    On March 4, 2004, following a jury trial presided over by the Honorable Eugene E.J. Maire of the Philadelphia County Court of Common Pleas, petitioner was convicted of criminal conspiracy and possession with intent to deliver. Specifically, petitioner sold PCP and crack cocaine on three separate occasions in 2002 and 2003 and was arrested and charged on all three offenses. Petitioner first went to trial and was convicted on the charges arising from the September 2003 arrest. Petitioner was sentenced to an aggregate sentence of eleven and a half (11 ½) to twenty-five (25) years imprisonment. Immediately following petitioner's sentencing, petitioner plead guilty in the two remaining cases. Petitioner received concurrent sentences of

1

incarceration on each case.

Petitioner did not file a direct appeal. On January 10, 2005, petitioner filed a petition under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541, et seq seeking reinstatement of petitioner's direct appeal rights. Counsel was appointed and filed an amended petition seeking reinstatement of petitioner's appellate rights *nunc pro tunc*. Petitioner then told counsel he wanted to forgo the direct appeal and only pursue the claims of ineffective assistance of trial counsel in a PCRA appeal. Petitioner filed a supplemental PCRA petition alleging that trial counsel had rendered ineffective assistance by not advising petitioner to plead guilty on the trial case, and then by coercing petitioner to plead guilty on the two remaining cases. The PCRA court dismissed petitioner's PCRA petition on May 24, 2007. Petitioner filed a notice of appeal to the Superior Court. On August 18, 2008, the Superior Court denied petitioner's appeal. Petitioner's request for allowance of appeal to the Pennsylvania Supreme Court was denied on March 17, 2009.

On May 22, 2009, petitioner filed the instant petition seeking habeas corpus relief claiming:

> (1) Trial counsel was ineffective for failing to properly advise petitioner to accept a favorable guilty plea; and
>
> (2) Petitioner's guilty pleas were not knowing and voluntary due to trial counsel's failure to inform petitioner of the true nature of the pleas.

Respondents retort that petitioner's claims are without merit and petitioner is not entitled to federal habeas relief. We agree.

II. STANDARD OF REVIEW

Petitioner's claims are timely and subject to the following standard of review.

Under the current version of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), an application for Writ of Habeas Corpus from a state court judgment bears a significant burden. Section 104 of the AEDPA imparts a presumption of correctness to the state court's determination of factual issues - a presumption that petitioner can only rebut by clear and convincing evidence. 28 U.S.C. § 2254(e)(1) (1994). The statute also grants significant deference to legal conclusions announced by the state court as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgement of a State court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

The United States Supreme Court, in Williams v. Taylor, 529 U.S. 362, 404-05, 120 S. Ct. 1495 (2000), interpreted the standards established by the AEDPA regarding the deference to be accorded state court legal decisions, and more clearly defined the two-part analysis set forth in the statute. Under the first part of the review, the federal habeas court must determine whether the state court decision was "contrary to" the "clearly established federal law, as determined by the Supreme Court of the United States." As defined by Justice O'Connor, writing for the majority of the Court on this issue, a state court decision can be contrary to Supreme Court precedent in two ways: (1) "if the state court arrives at a conclusion opposite to

3

that reached by [the Supreme] Court on a question of law," or (2) "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to that reached by [the Supreme Court]." Id. Justice O'Connor explained, however, that this "contrary to" clause does not encompass the run-of-the-mill state court decisions "applying the correct legal rule from Supreme Court cases to the facts of the prisoner's case." Id. at 406.

To reach such "run-of-the-mill" cases, the Court turned to an interpretation of the "unreasonable application" clause of § 2254(d)(1). It found that a state court decision can involve an unreasonable application of Supreme Court precedent: (1) "if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407-08. The Court specified, however, that under this clause, "a federal habeas court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 410.

III.  DISCUSSION OF MERITS

Petitioner's claims are claims of ineffective assistance of counsel.

When reviewing claims of ineffective assistance of counsel, this court must view the totality of the evidence before the trial court and determine whether the petitioner has shown that the decision reached is reasonably likely to have been different, absent the alleged

ineffectiveness of counsel. Strickland v. Washington, 466 U.S. 668, 695, 104 S. Ct. 2052, reh'g denied, 467 U.S. 1267, 104 S. Ct. 3562 (1984). The Sixth Amendment to the United States Constitution recognizes the right of every criminal defendant to effective assistance of counsel. U.S. Const., amend. VI. The Supreme Court has set forth a two-prong test - both parts of which must be satisfied - by which claims alleging counsel's ineffectiveness are adjudged. Id. at 668. First, the petitioner must demonstrate that his trial counsel's performance fell below an "objective standard of reasonableness." Id. The Supreme Court has explained that:

> A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstance of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy." Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 76 S. Ct. 158, 163-64 (1995)).

A convicted defendant asserting ineffective assistance must therefore identify the acts or omissions that are alleged not to have been the result of reasoned professional judgment. Id. at 690. Then the reviewing court must determine whether, in light of all the circumstances, the identified acts or omissions were outside "the wide range of professionally competent assistance." Id. Pennsylvania law has recognized that counsel is not ineffective for failing to raise baseless or frivolous issues. Commonwealth v. Wilson, 393 A.2d 1141, 1143 (Pa. 1978).

Second, the petitioner must demonstrate that his counsel's deficient performance prejudiced the defense. Strickland, 466 U.S. at 687. To establish prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional error, the result

5

of the proceeding would have been different." Id. at 694. A reviewing court need not determine whether counsel's performance was deficient before considering whether the petitioner suffered any prejudice as a result of the alleged deficiency. If it is easier to dispose of an ineffectiveness claim for lack of the requisite prejudice, that course should be followed. Id. at 697.

In the case at bar, petitioner's first claim is that trial counsel was ineffective for failing to properly advise petitioner to accept a favorable guilty plea. Petitioner claims that trial counsel advised petitioner not to accept the eight to twenty year imprisonment plea deal in exchange for petitioner pleading guilty to all three cases. Petitioner claims that trial counsel told petitioner that petitioner would receive no more than three to six years imprisonment if petitioner went to trial. The Superior Court reviewed this claim and found it was meritless. We agree.

The Superior Court explained that prior to the start of petitioner's trial the trial court conducted a colloquy with petitioner. The trial court advised petitioner that the maximum sentence petitioner could receive was thirty years imprisonment for the charges on which petitioner was going to trial. (N.T. 3/4/04 at pgs. 2-7). Petitioner answered that he understood what the possible maximum penalties were if petitioner were convicted. (N.T. 3/4/04 at pgs. 2-7). Petitioner was aware of the possible maximum sentence. Petitioner can not show that he was prejudiced by counsel's alleged advice because petitioner was made aware of and understood the possible maximum sentence and proceeded to trial. We can not find that the requirements for an ineffective assistance of counsel claim have been met. As such, we must dismiss the habeas petition as to this claim.

Petitioner's second claim is that petitioner's guilty pleas were not knowing and voluntary due to trial counsel's failure to inform petitioner of the true nature of the pleas.

6

Petitioner argues three parts to this claim. First, petitioner claims that the guilty pleas he signed were not voluntary and knowing because petitioner is legally blind in one eye and petitioner did not know what he was signing. Second, petitioner further claims that counsel was ineffective for telling petitioner he would receive a lesser sentence at trial. Petitioner claims that his guilty pleas were not voluntary because of being partially blind coupled with trial counsel's alleged advice. Third, petitioner finally argues that he was not adequately advised of petitioner's appellate rights. The Superior Court reviewed this claim and found it was meritless. We agree.

The Superior Court explained that during petitioner's consolidated plea hearing, petitioner said on the record that he was pleading guilty. (Superior Court Opinion, 8/18/08 at 5). The Superior Court found that petitioner can not now say he did not know he was pleading guilty because could not read the plea agreement he was signing. Petitioner orally stated that he wished to plead guilty. (N.T. 3/4/04 at pgs. 200-212). The portion of petitioner's claim that states that trial counsel allegedly advised petitioner to go to trial is meritless as explained above. Finally, the portion of petitioner's claim that petitioner was not advised of his appellate rights is also meritless. The Superior Court explained that petitioner was advised on the record by counsel that petitioner had 30 days to file a direct appeal. (Superior Court Opinion, 8/18/08 at 8). Counsel then asked petitioner if he understood. (N.T. 3/4/04 at pg. 211). Petitioner replied that he understood. (N.T. 3/4/04 at pg. 211). The Superior Court found that petitioner can not now claim that counsel did not advise petitioner of his appellate rights. Petitioner has not shown that the state court decision involved an unreasonable application of Supreme Court precedent. *See* Williams, 529 U.S. at 407-08. Therefore, we must dismiss the habeas petition as to this claim and in its entirety.

Therefore, we make the following:

RECOMMENDATION

AND NOW, this _____ day of November, 2009, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DENIED AND DISMISSED. It is also RECOMMENDED that a certificate of appealability not be granted.

BY THE COURT:

*/s/ Linda K. Caracappa*
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE BONILLA, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN KERESTES, et al., | : | NO. 09-2365 |
|     Respondents. | : | |

## ORDER

LAWRENCE F. STENGEL, J.

AND NOW, this _____ day of _____, 2009, upon careful and independent consideration of the petition for Writ of *Habeas Corpus*, and after review of the Report and Recommendation of United States Magistrate Judge Linda K. Caracappa, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The petition for Writ of *Habeas Corpus* is DENIED with prejudice.

3. There is no probable cause to issue a certificate of appealability.

4. The Clerk of Court shall mark this case closed for statistical purposes.

BY THE COURT:

_____
LAWRENCE F. STENGEL, J.